IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEAR LINK TECHNOLOGIES, LLC, a Utah limited liability company,<br><br>    Plaintiff,<br>v.<br><br>ASPIRATION FUND ADVISER, LLC, a Delaware limited liability company; ASPIRATION PARTNERS, INC., a Delaware corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING [48] MOTION FOR ORDER TO SHOW CAUSE AND CIVIL CONTEMPT CITATION<br><br>Case No.: 2:23-cv-00419-TS-CMR<br><br>Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 37, 43). Before the court is Plaintiff Clear Link Technologies LLC's (Plaintiff) Motion for Order to Show Cause and Civil Contempt Citation (Contempt Motion) (ECF 48) against Defendants Aspiration Fund Adviser, LLC and Aspiration Partners, Inc. (Defendants). Having considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Contempt Motion.

I.     BACKGROUND

In February 2024, the court entered default judgment against Defendants for over $1 million (ECF 27, 28). On May 7, 2024, Plaintiff filed a Motion for Short Form Discovery (Motion to Compel) (ECF 36) asking the court for an order compelling Defendants to respond to Plaintiff's First Set of Requests for Interrogatories (ROGs). At a hearing on May 29, 2024, the court issued an Order granting the Motion to Compel, ordering Defendants to submit a written response to Plaintiff's ROGs, and granting attorney's fees to Plaintiff for this motion (May 29, 2024 Order)

1

(ECF 45) ultimately in the amount of $1,875 (ECF 47). On June 14, 2024, Plaintiff filed the instant Motion asking for $4,836 in attorney's fees for briefing on the Motion, a daily fine of $500 dollars, and a writ of body attachment against Michael Shuckerow (ECF 48, 66). The parties submitted additional briefing on the Motion addressing the issue of contempt (ECF 49, 50, 54, 56, 57).

On July 31, 2024, Plaintiff filed a Motion for Judgment Debtors' Examination (ECF 55) seeking responses to the ROGs, to which no response was filed. After granting this motion (ECF 58), the court held a judgment debtor's examination hearing on November 6, 2024, and ordered Defendants to produce responsive documents within 30 days (ECF 61). Since the date of this hearing, Defendants have filed several Certificates of Service with responses and supplemental responses to the ROGs (ECF 60, 62, 63, 65).

As ordered by the court (ECF 64), the parties filed a Joint Status Report (ECF 66) on December 16, 2024, addressing the status of the Motion. In the Joint Status Report, the parties acknowledged Defendants' service of responses rendered portions of the Motion moot (ECF 66 at 2). Specifically, the parties agree that the request for writ of body attachment and the request for daily fines to compel production are now moot (*id.*). However, Plaintiff still requests $6,711 in attorney's fees and a daily fine of $500 per day for the 149 days that Defendants were in violation of the court's May 29, 2024 Order (*id.*). Defendants oppose these requests given their compliance with the May 29, 2024 Order (*id.*).

## II.   DISCUSSION

The court first addresses the applicable legal standard for addressing violations of court orders. "In a civil contempt proceeding, the complainant 'has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order.'" *Bad Ass Coffee Co. of Hawaii v. Bad Ass*

*Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000) (quoting *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998)). Rule 37 provides in relevant part that when a party "fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders," including "treating as contempt of court the failure to obey any order . . ." Fed. R. Civ. P. 37(b)(2)(A)(vii). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Here, Plaintiff's initial Motion to Compel (ECF 36) was filed pursuant to Rule 37. Although Plaintiff subsequently filed the Contempt Motion (ECF 48), the May 29, 2024 Order that Defendants disobeyed was an order compelling discovery under Rule 37(a). While it appears that the legal standard for civil contempt is broader in scope, it is clear that Rule 37 encompasses the specific situation at hand where Defendants have disobeyed a discovery order, specifically the May 29, 2024 Order compelling responses to Plaintiff's ROGs. For this reason and given that Defendants have now complied with the May 29, 2024 Order, the court does not find it appropriate to consider sanctions under the civil contempt standard. Instead of treating Defendants' failure to obey the May 29, 2024 Order as contempt, the court will order Defendants to pay Plaintiff's reasonable expenses caused by the failure. *See* Fed. R. Civ. P. 37(b)(2)(C). The court therefore DENIES the Contempt Motion (ECF 48). The court instead directs Plaintiff to file a motion for attorney's fees pursuant to Rule 37 addressing the reasonableness of the fee award.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the court hereby DENIES the Contempt Motion (ECF 48) and directs Plaintiff to submit a motion for attorney's fees no later than January 17, 2025. Defendants may thereafter file a response, and Plaintiff may file a reply in accordance with the requirements and deadlines set forth in DUCivR 7-1.

IT IS SO ORDERED.

DATED this 3 January 2025.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah