## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEAR LINK TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ASPIRATION FUND ADVISER, LLC, et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [75] MOTION FOR ATTORNEY FEES** <br><br> Case No.: 2:23-cv-00419-TS-CMR <br><br> Judge Ted Stewart <br><br> Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) (ECF 37, 43). Before the court is Plaintiff Clear Link Technologies LLC's (Plaintiff) Motion for Attorney Fees (Motion) (ECF 75). Defendants Aspiration Fund Adviser, LLC and Aspiration Partners, Inc. (Defendants) did not file a response to the Motion. Having considered the relevant filings, the court finds that oral argument is not necessary. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motion.

## I.    BACKGROUND

At a hearing on May 29, 2024, the court issued an Order (May 29, 2024 Order) (ECF 45) compelling Defendants to respond to Plaintiff's First Set of Requests for Interrogatories (ROGs) and granting attorney's fees to Plaintiff due to Defendants' failure to timely respond. As agreed by the parties (ECF 46), the court issued an Amended Order on June 3, 2024 (June 3, 2024 Order) (ECF 47) awarding attorney's fees to Plaintiff in the amount of $1,875. On June 14, 2024, Plaintiff filed a Motion for Order to Show Cause and Civil Contempt Citation (Motion for Sanctions) (ECF 48). On January 3, 2025, the court issued an Order (January 3, 2025 Order) (ECF 67) declining to issue contempt sanctions and instead finding that sanctions under Federal Rule of Civil Procedure

37 were appropriate based on Defendants' failure to timely comply with the May 29, 2024 Order. The court directed Plaintiff to file a motion for attorney's fees pursuant to Rule 37 and provided Defendants an opportunity to submit a written response to the fee request (*id.*).

On January 17, 2025, Plaintiff filed the present Motion requesting attorney's fees in the amount of $5,692 (ECF 75 at 1), in addition to $1,875 in attorney's fees still owed by Defendants (*id.* at 2), for a total award of $7,567 (*id.* at 3). Defendants failed to file a response to the Motion, and the time for doing so has passed. *See* DUCivR 7-1(a)(4)(D)(ii) ("A response to a motion must be filed within 14 days after service of the motion."). The court addresses the reasonableness of the fee request below.

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 37, the court "may, on motion, order sanctions" where a party after properly served with interrogatories "fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include "attorney's fees, caused by the failure" of the party to timely respond. Fed. R. Civ. P. 37(d)(3).

"'An award of attorney fees must be supported by evidence in the record,' which 'should include the hours spent on the case, the hourly rate or rates charged for those hours, and usual and customary rates for such work.'" *JTP Recovery Servs., Inc. v. Hilti, Inc.*, No. 2:19-CV-00738-JNP, 2022 WL 16948768, at *1 (D. Utah Nov. 15, 2022) (quoting *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1241 (10th Cir. 2018)). In determining the reasonableness of the fee request, the court considers: "[T]he difficulty of the litigation, the efficiency of the attorneys in presenting the case, the reasonableness of the number of hours spent on the case, the fee customarily charged in the locality for similar services, the amount involved in the case and the result attained, and the

expertise and experience of the attorneys involved." *Id.* at *2 (quoting *Dixie State Bank v. Bracken*, 764 P.2d 985, 989 (Utah 1988)).

## III.    DISCUSSION

The court previously awarded attorney's fees in the amount of $1,875 to Plaintiff in the June 3, 2024 Order for Defendants' failure to timely respond to Plaintiff's ROGs (ECF 47). In the present Motion, Plaintiff represents that this fee award remains unpaid (ECF 75 at 2) and requests a total fee award that includes this amount (*id.* at 3). The court denies this request as it is unnecessary to address this issue again given that attorney's fees in this amount were previously awarded to Plaintiff in the June 3, 2024 Order (ECF 47). Because Defendants did not file a response to the Motion, there is no indication on the docket that this fee award has been paid. The court will therefore order Defendants to comply with the court's June 3, 2024 Order awarding $1,875 in attorney's fees to be paid by Defendants to Plaintiff within fourteen (14) days of the date of this Order.

Turning to the remaining request for fees, the court determined in the January 3, 2025 Order that Plaintiff is entitled to attorney's fees for Defendants' failure to timely comply with the court's May 29, 2024 Order (ECF 67). Plaintiff requests attorney's fees in the amount of $5,692 for the briefing relating to the Motion for Sanctions (ECF 48, 50). After carefully reviewing the billing records submitted by counsel for Plaintiff, the court concludes that the requested attorney's fees are reasonable given the work necessary to seek sanctions against Defendants for failing to comply with an order of this court.

The court finds that the hourly rate of $375 charged for lead counsel Kennedy Nate was a reasonable rate for a partner at a law firm in Salt Lake City. *See Waas v. Red Ledges Land Development, Inc.*, No. 2:20-cv-00580-TC-DBP, 2022 WL 35717, at *4 (D. Utah Nov. 2, 2021)

(holding that $650 was a reasonable hourly rate for partners to bill in Salt Lake City). The court finds that the hourly rates of $255 for Stephanie Soh and $265 for Austin Nate were also reasonable rates for attorneys of their experience level in this legal market. *See Mrs. Fields Franchising, LLC v. MFGPC, Inc.*, No. 2:15-CV-00094-DAK, 2021 WL 5086377, at *8 (D. Utah Nov. 2, 2021) (holding that rates less than $500 per hour "are reasonable and consistent with local market rates").

Finally, although Defendants were given an opportunity to respond to the Motion, Defendants failed to file an opposition before the court-ordered deadline, and to date, have submitted no response or objection to the fee request. Defendants' failure to respond is grounds for granting the Motion. *See* DUCivR 7-1(f) ("[F]ailure to respond timely to a motion may result in the court granting the motion without further notice."). For these reasons, the court concludes that an award of $5,692 in attorney's fees to Plaintiff is reasonable and will therefore GRANT the Motion (ECF 75).

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, the court hereby **GRANTS** Plaintiff's Motion for Attorney Fees (ECF 75) and awards attorney's fees to Plaintiff in the amount of $5,692.

IT IS HEREBY ORDERED that:

1. Defendants shall comply with the court's June 3, 2024 Order (ECF 47) awarding Plaintiff $1,875 in attorney's fees within fourteen (14) days of the date of this Order.

2. Defendants shall pay attorney's fees in the amount of $5,692 to Plaintiff within fourteen (14) days of the date of this Order.

3. Failure to comply with this Order may result in sanctions including contempt of court.

   IT IS SO ORDERED.

DATED this 8 August 2025.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah